**PAGODA TRADING COMPANY, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

Court No. 83–1–00148.

United States Court of International Trade.

Aug. 27, 1985.

Sandler & Travis, Leonard L. Rosenberg, New York City, for plaintiff.

Richard K. Willard, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office and Jerry P. Wiskin, U.S. Dept. of Justice, Civ. Div., Washington, D.C., for defendant.

**Opinion and Order**

RESTANI, Judge:

Plaintiff, an importer of Korean footwear, moves for summary judgment alleging that certain of its entries should have been deemed liquidated by operation of law at the rate of duty claimed by plaintiff at the time of entry.[1] Defendant, United States, cross-moves for summary judgment arguing that this court lacks jurisdiction to consider the aspect of plaintiff's complaint at issue here because plaintiff failed to file a timely protest based on "deemed liquidation." Defendant also claims that liquidation by operation of law did not occur because liquidation was properly suspended.

---

1. Plaintiff requested partial summary judgment, but the granting of plaintiff's motion fully dis- poses of this action.

## I.

On five occasions between August 5, 1980, and September 9, 1980, plaintiff entered its merchandise, moon boots and snowmobile boots, at the port of Seattle, Washington. At the time of each entry, liquidation of entries of all Korean footwear was suspended pursuant to an April 7, 1980, order of the United States Department of Commerce (Commerce). This suspension order, which applied to post-January 1, 1980, unliquidated entries, was based on an earlier countervailing duty order regarding Korean footwear. *See* T.D. 76–13, 10 Cust.Bull. (1975). On March 17, 1981, the countervailing duty order was revoked. 46 Fed.Reg. 17,014 (March 17, 1981). On the following day, Commerce notified the United States Customs Service (Customs) that liquidation of all Korean footwear entered on or after January 1, 1980, should proceed without regard to countervailing duties.

During July and August of 1981 Customs sent plaintiff computer generated notices that liquidation was suspended for at least four of the five entries.[2] On February 26, 1982, Customs liquidated all five entries using American Selling Price (ASP) appraisement, resulting in a rate of duty higher than that proposed by the importer. On May 24, 1982, plaintiff submitted a protest challenging the appraisement and classification of the merchandise. By letter dated June 18, 1982, plaintiff sent Customs a supplement to the protest. Copies of the protest and supplemental letter were sent immediately thereafter to Customs' San Francisco regional office. On July 29, 1982, the protest was denied and the present action ensued with jurisdiction asserted under 28 U.S.C. § 1581(a) (1982).[3]

## II.

The first issue presented is whether or not plaintiff protested the February 26, 1982, liquidation in a manner sufficient to confer jurisdiction upon this court to decide the "deemed liquidation" issue. Plaintiff's original protest requested reliquidation, alleging an incorrect appraisal based on ASP and an error in classifying the boots separately from their component liners. In the supplemental letter, however, plaintiff raised the issue of "deemed liquidation," arguing that no ground for suspension existed after the one-year anniversary of each entry. Therefore, plaintiff argues, pursuant to 19 U.S.C. § 1504 (1982), liquidation occurred by operation of law for each entry, and Customs' classification and appraisement as effected by the February 26, 1982, liquidation were invalid.[4]

Several categories of protests are set forth in 19 U.S.C. § 1514(a) (1982). The categories relevant in this case are: (1) the appraised value of merchandise (valuation), (2) classification, and (3) the liquidation or reliquidation of an entry. A protest must set forth distinctly and specifically each

---

**2.** In an affidavit, James J. Ryan, Director of the Business Systems Division, Office of Data Systems, United States Customs Service, stated that suspension of liquidation notices for each of the five entries were generated. Plaintiff, however, claims that Entry No. 274183 of September 3, 1980, was not the subject of any suspension notice.

**3.** 28 U.S.C. § 1581(a) (1982) provides:

§ 1581. **Civil actions against the United States and agencies and officers thereof**

(a) The Court of International Trade shall have exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930.

**4.** 19 U.S.C. § 1504 (1982) provides in part:

§ 1504. **Limitation on liquidation**

(a) Liquidation

Except as provided in subsection (b) of this section, an entry of merchandise not liquidated within one year from:

(1) the date of entry of such merchandise;

(2) the date of the final withdrawal of all such merchandise covered by a warehouse entry; or

(3) the date of withdrawal from warehouse of such merchandise for consumption where, pursuant to regulations issued under section 1505(a) of this title, duties may be deposited after the filing of an entry or withdrawal from warehouse;

shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted at the time of entry by the importer, his consignee, or agent. Notwithstanding section 1500(e) of this title, notice of liquidation need not be given of an entry deemed liquidated.

involved category. 19 U.S.C. § 1514(c)(1) (1982); 19 C.F.R. § 174.13(a)(6) (1982). Section 1514(c)(1), however, provides that "[n]ew grounds in support of objections raised by a valid protest or amendment thereto may be presented for consideration in connection with the review of such protest pursuant to section 1515 of this title at any time prior to the disposition of the protest." In contrast, amendments to protests which challenge different "decisions" from those challenged in the original protest, must be made within the time for filing the original protest. Here, plaintiff challenges the appraisement and classification decisions as invalid due to prior liquidation by operation of law. This challenge fits within categories (1) and (2) of § 1514(a). The fact that plaintiff's new ground for protest also falls within category (3) of § 1514(a), as a challenge to the validity of the February 26, 1982, liquidation, is not dispositive. The essential fact is that the "new ground" relates to the original protest of the classification and appraisement decisions. *See* 19 U.S.C. § 1514(c)(1) (1982).

■ It is undisputed that plaintiff's supplementary letter raising the deemed liquidation issue was submitted to Customs shortly after the time for filing a protest had expired, and prior to disposition of the protest as required by § 1514. The record here makes it clear that the "new ground" was before Customs for consideration prior to the denial of the protest. Actual consideration by the agency of a supplementary ground for protest was one of the reasons the court assumed jurisdiction in *Old Republic Insurance Co. v. United States*, 8 CIT ——, Slip Op. 84–80 (July 6, 1984).[5] As in the *Old Republic* case, plaintiff here did

exhaust its administrative remedies, and the agency had an opportunity to review plaintiff's new argument prior to denial of the protest and prior to appeal to this court. Therefore, not only is assumption of jurisdiction proper according to the literal words of § 1514, but the policy obviously envisioned by § 1514, of the orderly consideration of claims, is also furthered. Accordingly, the court's jurisdiction is sustained under § 1514 and § 1581(a).[6]

### III.

Plaintiff's argument on the merits is that after revocation of the countervailing duty order, no valid basis for suspension existed and no legal extension was effected. Therefore, claims plaintiff, the computer generated suspension notices were a nullity and its entries were liquidated by operation of law on the anniversary dates of entry, pursuant to 19 U.S.C. § 1504. Defendant argues that because plaintiff was on clear notice of the delay in liquidation, the delay was not unanticipated.[7] Thus, defendant argues, plaintiff suffered no harm by the continued suspension and delay of liquidation. The government also contends that plaintiff implicitly asked for an extension of the liquidation date by requesting Customs officials to seek internal advice on classification. Defendant argues that there was an adequate ground for extension, of which plaintiff received notice, because the area director needed additional time to gather information.[8]

Provisions for extension of time to liquidate and notice of suspension appear in 19 U.S.C. § 1504(b), and state:

**(b) Extension.**

The Secretary may extend the period in which to liquidate an entry by giving

---

**5.** *Old Republic* is distinguishable from this case, however, because, when broadly read, the original protest included the "new" ground.

**6.** Inasmuch as the "new ground" was not asserted for the first time in an action before this court, 28 U.S.C. § 2638 (1982) and *Gray Tool Co. v. United States*, 6 CIT ——, Slip Op. 83–139 (Sept. 27, 1983) are inapplicable.

**7.** 19 U.S.C. § 1504 was specifically designed to avoid unanticipated liquidations. *See* S.Rep.

No. 95–778, 95th Cong., 2d Sess. 3 at 31–32, *reprinted in* 1978 U.S.Code Cong. & Ad.News 2211, 2242–43.

**8.** Defendant's argument that there is no statutory basis for challenge of an extension or suspension is inapposite. Plaintiff does not dispute the basis of an extension or suspension. Plaintiff claims neither existed.

notice of such extension to the importer, his consignee, or agent in such form and manner as the Secretary shall prescribe in regulations, if—

(1) information needed for the proper appraisement or classification of the merchandise is not available to the appropriate customs officer;

(2) liquidation is suspended as required by statute or court order; or

(3) the importer, consignee, or his agent requests such extension and shows good cause therefor.

**(c) Notice of suspension.**

If the liquidation of any entry is suspended, the Secretary shall, by regulation, require that notice of such suspension be provided to the importer or consignee concerned and to any authorized agent and surety of such importer or consignee.

Plaintiff notes a distinction between the terms suspension and extension and argues that a suspension is merely a ground upon which an extension may be granted. Plaintiff also argues that it received no notice of extension, but only notice of an invalid suspension. Thus, plaintiff claims that a necessary element of a valid extension— that of notice—did not exist, and therefore Custom's February 26, 1982, liquidation was a nullity.

Plaintiff's argument is supported by the relevant regulations, 19 C.F.R. § 159.12(b)

and (c), which differentiate between notice of suspension and notice of extension.[9] Section 159.12(b) specifically states that "[i]f the district director extends the time for liquidation, ... he promptly shall notify the importer ... that the time has been extended and notify the importer ... that the time has been extended and the reasons for doing so." No such notice of an extension was given to plaintiff in this case. Defendant argues that actual notice of the delay in liquidation renders failure to give formal notice of extension harmless. The Court, however, need not address this argument unless the question of whether there was a proper extension or suspension, of which plaintiff could receive notice, is answered in the affirmative.

■ There is no doubt that the statutory provision for liquidation by operation of law was designed for the benefit of importers. As such, liquidation by operation of law is a direct mandate to Customs to act within a specific time or to adequately extend the time to act. In this case, there was no adequate extension. First, defendant's claim that plaintiff implicitly requested extension under 19 U.S.C. § 1504(b) fails. Defendant concedes that it has no evidence that any official with power to do so knowingly granted an extension. Second, the fact that Customs' computer issued the suspension notices is merely coincidental and of no consequence inasmuch

9. The relevant regulations, published at 19 C.F.R. § 159.12 (1982) provide:

**§ 159.12 Extension of time for liquidation.**

(a) *Reasons*—(1) *Extension.* The district director may extend the 1-year statutory period for liquidation for an additional period not to exceed 1 year if:

(i) *Information needed by Customs.* Information needed by Customs for the proper appraisement or classification of the merchandise is not available, or

(ii) *Importer's request.* The importer requests an extension in writing before the statutory period expires and shows good cause why the extension should be granted. "Good cause" is demonstrated when the importer satisfies the district director that more time is needed to present to Customs information which will affect the pending action, or there is a similar question under review by Customs.

(2) *Suspension.* The 1-year liquidation period may be suspended as required by statute or court order.

(b) *Notice of extension.* If the district director extends the time for liquidation, as provided in paragraph (a)(1) of this section, he promptly shall notify the importer or the consignee and his agent and surety on Customs Form 4333–A, appropriately modified, that the time has been extended and the reasons for doing so.

(c) *Notice of suspension.* If the liquidation of an entry is suspended as required by statute or court order, as provided in paragraph (a)(2) of this section, the district director promptly shall notify the importer or the consignee and his agent and surety on Customs Form 4333–A, appropriately modified, of the suspension.

as no ground for a suspension existed after revocation of the countervailing duty order. Thus, there was no proper basis for delay of liquidation in this case, and, therefore, no type of notice could eliminate Customs' duty to liquidate. Therefore, plaintiff was, as a matter of law, prejudiced by failure to timely liquidate.

Because the time for liquidation was not properly extended here, liquidation is deemed to have occurred by operation of law prior to the February 26, 1982 liqui-dation. Accordingly, plaintiff's motion for summary judgment is granted and Customs is directed to assess duties as pro-posed upon entry, and to refund any excess monies collected to plaintiff.