**PAGODA TRADING CORPORATION, Appellee,**

v.

**The UNITED STATES, Appellant.**

**Appeal No. 86–750.**

United States Court of Appeals, Federal Circuit.

Nov. 3, 1986.

Saul Davis, Commercial Litigation Branch, Dept. of Justice, of New York

City, argued for appellant. With him on the brief were Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director and Joseph I. Liebman, Attorney in Charge, International Trade Field Office.

Leonard Rosenberg, Sandler & Travis, of Miami, Fla., argued for appellee.

Before FRIEDMAN, SMITH, and BISSELL, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

The August 27, 1985, judgment of the United States Court of International Trade,[1] holding that certain merchandise imported by Pagoda Trading Corporation (Pagoda) was "deemed liquidated" 1 year after entry into the United States, is affirmed.

### Issues

The two issues are:

1. Whether the Court of International Trade erred in holding that Pagoda's protest was sufficient to establish jurisdiction for the court to decide the "deemed liquidation" issue, and

2. Whether the Court of International Trade erred in finding that there was no valid basis for suspension of liquidation, that no extension of liquidation was effected, and that Pagoda's entries were deemed liquidated at the rate of duty, value, and amount of duties asserted by Pagoda at the time of entry.

### Background

Pagoda is an importer of Korean footwear, including moon boots and snowmobile boots. This case involves the computation of the duty on Pagoda's imported merchandise.

The final computation of the duty on imported merchandise is known as "liquidation."[2] Generally, merchandise must be liquidated within 1 year after entry into the United States or else it "shall be deemed

---

1. *Pagoda Trading Co. v. United States,* 617 F.Supp. 96 (Ct. Int'l Trade 1985).

2. 19 C.F.R. § 159.1 (1985).

liquidated at the rate of duty, value, quantity, and amount of duties asserted at the time of entry by the importer."[3] The Secretary of the Treasury may extend the 1–year period for liquidation by giving notice of "extension" to the importer for certain reasons including "suspension" of liquidation "as required by statute or court order."[4]

In the present case, the liquidation of Korean footwear was suspended from April 7, 1980, to March 18, 1981, pursuant to the order of the Department of Commerce (Commerce) (based on an earlier countervailing duty order). On five occasions between August 5, 1980, and September 9, 1980, Pagoda entered Korean footwear into the United States, and liquidation was suspended pursuant to the April 7, 1980, Commerce order.

On March 17, 1981, the relevant countervailing duty order was revoked. On March 18, 1981, Commerce notified the United States Customs Service (Customs) to proceed with liquidation of Korean footwear. Notwithstanding the directive to proceed with liquidation, during July and August 1981 Customs sent Pagoda computer-generated notices that liquidation was suspended for at least four of the five entries.

The Court of International Trade held that there was no basis for the computer-generated notices and, thus, the notices were not valid to suspend liquidation. The court also held that the notices of "suspension" were not effective to serve as notices of "extension" of the period for liquidation under 19 U.S.C. § 1504 (1982).

Section 1504 allows only 1 year from the date of entry for liquidation to occur, subject to valid extensions of that period. If the merchandise is not liquidated within 1 year, it "shall be deemed liquidated at the rate of duty * * * asserted at the time of entry by the importer."[5] Thus, the Court of International Trade held that the entries made by Pagoda from August 5, 1980, to September 9, 1980, were deemed liquidated by operation of law 1 year after the entries were made.

Without regard for the "deemed liquidation," on February 26, 1982, Customs stated that it was liquidating all five Pagoda entries using American Selling Price appraisement, resulting in a duty higher than that asserted at the time of entry by Pagoda. On May 24, 1982, Pagoda submitted a protest challenging the appraisement and classification of the merchandise. On June 18, 1982, Pagoda filed a supplement to the protest, asserting that the February 26, 1982, liquidation was invalid because of the earlier "deemed liquidation." On July 29, 1982, the protest was denied. Pagoda brought an action in the Court of International Trade contesting the denial of the protest.

The Court of International Trade asserted jurisdiction under 28 U.S.C. § 1581(a) (1982). The court entered summary judgment in favor of Pagoda, holding that the "deemed liquidation" occurred by operation of law prior to the February 26, 1982, liquidation asserted by Customs. The Government appeals. Jurisdiction of the United States Court of Appeals for the Federal Circuit is based on 28 U.S.C. § 1295(a)(5) (1982).

### Analysis

A. *Jurisdiction of the Court of International Trade.*

The Court of International Trade has jurisdiction under 28 U.S.C. § 1581(a) (1982) over a civil action to contest the denial of a protest under 19 U.S.C. §§ 1514, 1515 (1982). Pagoda's May 24, 1982, protest was timely filed within 90 days of the February 26, 1982, liquidation asserted by Customs. The May 24, 1982, protest was based on two grounds of objection under 19 U.S.C. § 1514(a):

(1) the appraised value of the merchandise; [and]

---

**3.** 19 U.S.C. § 1504(a) (1982).

**4.** 19 U.S.C. § 1504(b) (1982).

**5.** 19 U.S.C. § 1504(a) (1982).

(2) the classification and rate and amount of duties chargeable[.]

On June 18, 1982, Pagoda filed a supplement to the protest asserting that a "deemed liquidation" had occurred 1 year after each entry, and that Customs' classification and appraisement, as effected by the February 26, 1982, liquidation, were invalid. The trial court found that Pagoda filed the supplement shortly after the time for filing a protest had expired, but prior to disposition of the protest as required by section 1514.

In asserting the "deemed liquidation" issue, the supplement raised a "new ground" of objection under the following category of 19 U.S.C. § 1514(a):

(5) the liquidation or reliquidation of an entry, or any modification thereof[.]

In *Old Republic Insurance Co. v. United States*,[6] the importer protested the duties resulting from a liquidation and later filed a supplement alleging that liquidation was improper because of Customs' failure to send a notice of extension of liquidation. The Court of International Trade held that the supplement was permissible because (1) the original protest was sufficient to advise Customs that the liquidation was being protested and (2) new grounds may be presented in support of objections raised by a protest at any time prior to the disposition of the protest.[7]

■ Here, the trial court found that Pagoda's supplement (raising the new ground of deemed liquidation) was timely because it related to the original protest of the classification and appraisement decisions and because the new ground was raised "prior to the disposition of the protest."[8] The Government has failed to show that the court's findings were clearly erroneous or that the court erred as a matter of law.[9]

The trial court also was correct in holding that the supplement filed by Pagoda challenged the same "decisions" as those challenged in the original protest. Since the supplement did not challenge a different "decision," but merely raised a "new ground" in support of the objections in the original protest, the supplement did not have to be filed within the 90–day period after the February 26, 1982, liquidation asserted by Customs.[10]

The present case is distinguishable from *Computime, Inc. v. United States*,[11] involving entries of watches composed of a watch module and case attached to a watchband. Computime filed a timely protest on the classification of the watch modules only. *After* Customs rendered a favorable decision on the first protest, Computime then filed a second protest on the classification of the watchband. The Federal Circuit held that the second protest was impermissible because a decision already had been rendered on a protest involving a separate item in the same entry.

Here, Pagoda was permitted to file the supplement raising "[n]ew grounds in support of objections raised by a valid protest * * * at any time *prior to the disposition*

---

6. *Old Republic Ins. Co. v. United States*, 8 C.I.T. 1 (1984).

7. "* * * New grounds in support of objections raised by a valid protest or amendment thereto may be presented for consideration in connection with the review of such protest pursuant to section 1515 of this title at any time prior to the disposition of the protest in accordance with that section. * * *" 19 U.S.C. § 1514(c)(1) (1982).

8. *Id.*

9. FED.R.CIV.P. 52(a); *Daw Indus., Inc. v. United States*, 714 F.2d 1140, 1142, 1 Fed.Cir. (T) 146, 148 (1983).

10. *Cf.* 19 U.S.C. § 1514(c)(1) (1982):

"* * * A protest may be amended, under regulations prescribed by the Secretary, to set forth objections as to a decision or decisions described in subsection (a) of this section which were not the subject of the original protest, in the form and manner prescribed for a protest, any time prior to the expiration of the time in which such protest could have been filed under this section. * * *"

11. *Computime, Inc. v. United States*, 772 F.2d 874 (Fed.Cir.1985).

*of the protest.*"[12] (Emphasis supplied.) Pagoda's supplement related to the original protest in that it objected to the same classification and appraisement decisions effected by the February 26, 1982, liquidation asserted by Customs. The trial court found that the supplement was timely filed with Customs prior to the disposition of the protest, and the Government has failed to show clear error in this finding.

The "deemed liquidation" issue was properly and timely raised before Customs during the section 1514 protest and the section 1515 review. Therefore, the Court of International Trade correctly exercised jurisdiction to decide the "deemed liquidation" issue in the ensuing civil action contesting the denial of the protest.[13]

## B. *Deemed Liquidation.*

Section 1504 of 19 U.S.C. sets a limit of 1 year for liquidation (final computation of duty) of imported merchandise. The 1-year period may be extended "by giving notice of such extension to the importer" for any of the following reasons:[14]

(1) information needed for the proper appraisement or classification of the merchandise is not available to the appropriate customs officer;

(2) liquidation is suspended as required by statute or court order; or

(3) the importer, consignee, or his agent requests such extension and shows good cause therefor.

■ Here, Customs sent computer-generated notices of "suspension" to Pagoda in July and August 1981. The Government concedes that it does not know why these notices were sent, stating only that the computer previously had been programmed to send the notices automatically. The trial court correctly held that there was no valid basis for suspension of liquidation "as required by statute or court order,"[15] since the countervailing duty order had been revoked and Customs had been directed to *proceed* with liquidation several months before the notices of suspension were sent.

■ The Government argues that the notices of "suspension" should be considered notices of "extension," as authorized by the broader three categories of section 1504(b), and that the use of incorrect terminology was harmless error. The trial court, however, held that "[n]o such notice of an extension was given to plaintiff in this case."[16] The court found that there was no evidence that any authorized official had granted an extension, and that there was no basis for extension such as a lack of information available to Customs or a request by the importer for an extension.[17]

■ Since there was no extension of the period for liquidation, the merchandise imported by Pagoda was "deemed liquidated" 1 year after the respective entries, "at the rate of duty, value, quantity, and amount of duties asserted at the time of entry by the importer."[18] The "deemed liquidation" occurred by operation of law prior to the February 26, 1982, liquidation asserted by Customs.

## Conclusion

The Government has failed to demonstrate that the trial court's findings were clearly erroneous or that the court erred as a matter of law.[19] The judgment of the Court of International Trade, holding that liquidation was deemed to have occurred by operation of law prior to the February 26, 1982, liquidation asserted by Customs, is affirmed.

AFFIRMED.

---

12. 19 U.S.C. § 1514(c)(1) (1982).

13. 28 U.S.C. § 1581(a) (1982).

14. 19 U.S.C. § 1504(b) (1982).

15. 19 U.S.C. § 1504(b)(2) (1982).

16. *Pagoda,* 617 F.Supp. at 99; *see Old Republic,* 8 C.I.T. at 3.

17. 19 U.S.C. § 1504(b)(1), (3) (1982); *see* 19 C.F.R. § 159.12 (1985).

18. 19 U.S.C. § 1504(a) (1982); *see Old Republic,* 8 C.I.T. at 3.

19. FED.R.CIV.P. 52(a); *Daw Indus.,* 714 F.2d at 1142, 1 Fed.Cir. (T) at 148.

BISSELL, Circuit Judge, dissenting in part.

I respectfully dissent from that portion of the majority's opinion which holds that Pagoda's protest was sufficient to establish jurisdiction for the court to decide the "deemed liquidation" issue. Although there is certainly merit to the majority's view, I am not convinced of the soundness of its conclusory treatment of the term "decision" in 19 U.S.C. § 1514. The majority merely states, as if it is intuitively obvious, that "deemed liquidation" is a "new ground" under 19 U.S.C. § 1514(c)(1) and that "liquidation" is not a separate decision from the "appraisement" or "classification" decisions.

Section 1514(a) provides that:

[D]ecisions of the appropriate customs officer ..., as to—

(1) the appraised value of merchandise;

(2) the classification and rate and amount of duties chargeable; ...

....

(5) the liquidation or reliquidation of an entry, ...

shall be final and conclusive upon all persons unless a protest is filed.... [Emphasis added].

Section 1514(c)(1) provides:

"A protest of a *decision under subsection (a)* ... shall be filed in writing ... setting forth distinctly and specifically *each decision* described in subsection (a) of this section as to which protest is made.... A protest may be amended, under regulations prescribed by the Secretary, to set forth objections as to a decision or decisions described in subsection (a) of this section which were not the subject of the original protest, in the form and manner prescribed for a protest, any time prior to the expiration of the time in which such protest could have been filed under this section. [Emphasis added].

It is my view that the supplement filed by Pagoda constitutes a challenge to the decision to "liquidate," a § 1514(a)(5) decision, and is not merely a "new ground" to challenge the "appraisement," a § 1514(a)(1) decision, or the "classification," a § 1514(a)(2) decision.

It appears that the majority opinion holds that henceforth an importer may challenge any aspect of the Customs Officer's entry determination at any time before disposition of the protest because only "one" administrative decision is actually made rather than separate and distinct administrative decisions regarding appraisement, classification, liquidation, etc. *See* 19 U.S.C. § 1514(a)(1)–(7). Restated, the decision *to liquidate* (legality of the act) is subsumed within a decision on appraisement or classification (correctness of the act). While this holding may be pleasing to sound notions of equity, it does not square with the statute's delineation of "separate and distinct decisions" that are made by the Customs Officers at time of possible entry. *See United States v. Deringer*, 593 F.2d 1015, 1020 (CCPA 1979) ("The statute contemplates that both the legality and correctness of a liquidation be determined, at least initially, via the protest procedure. The wording of this statute makes it clear that any challenge to the propriety of a liquidation [not specifically excepted] must be through this statute.") *Cf. Computime, Inc. v. United States*, 772 F.2d 874 (Fed. Cir.1985) (a protest must set forth distinctly and specifically the challenges to an entry).