SCA INTERNATIONAL, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 86–05–00642

(Decided February 7, 1990)

*Sandler, Travis & Rosenberg* (*Leonard L. Rosenberg*) for plaintiff.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, Commercial Litigation Branch, International Trade Field Office (*Saul Davis*) for defendant.

OPINION

RESTANI, *Judge.* The parties move for summary judgment in this action. Plaintiff alleges that its entries at issue were deemed liquidated one year after entry pursuant to 19 U.S.C. § 1504 (1988).[1] Customs actually liquidated the entries between sixteen and twenty-one months after

---

[1] 19 U.S.C. § 1504 reads in pertinent part as follows:

§ 1504. **Limitation on liquidation.**

*(a) Liquidation:*
 Except as provided in subsection (b) of this section, an entry of merchandise not liquidated within one year from:
  (1) the date of entry of such merchandise;
  (2) the date of the final withdrawal of all such merchandise covered by a warehouse entry; or
  (3) the date of withdrawal from warehouse of such merchandise for consumption where, pursuant to regulation issued under section 1505(a) of this title, duties may be deposited after the filing of an entry or withdrawal from warehouse;
 shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted at the time of entry by the importer of record. Notwithstanding section 1500(e) of this title, notice of liquidation need not be given of an entry deemed liquidated.

*(b) Extension:*
 The Secretary may extend the period in which to liquidate an entry by giving notice of such extension to the importer of record in such form and manner as the Secretary shall prescribe in regulations, if—
  (1) information needed for the proper appraisement or classification of the merchandise is not available to the appropriate customs officer;
  (2) liquidation is suspended as required by statute or court order; or
  (3) the importer of record requests such extension and shows good cause therefor.

*(c) Notice of suspension:*
 If the liquidation of an entry is suspended, the Secretary shall, by regulation, require that notice of such suspension be provided to the importer of record concerned and to any authorized agent and surety of such importer of record.
    *       *       *       *       *       *       *
Post-1982 amendments to this provision are irrelevant to this dispute.

entry and assessed duties in amounts not acceptable to plaintiff.[2] Plaintiff must challenge a voidable liquidation through the administrative protest mechanism of 19 U.S.C. § 1514 (1988), unless the liquidation is the result of a mistake of fact. In such case a request for reliquidation may be made within one year of liquidation under 19 U.S.C. § 1520(c) (1988), as well. The "deemed liquidation" issue was not raised by way of protest in a timely manner. Plaintiff, however, filed requests for reliquidation within one year of liquidation.

The court would note that Customs acts at its peril when it attempts to extend the time for liquidation by relying on a notice of suspension of liquidation under the unfair trade laws, after suspension has terminated. *See Pagoda Trading Corp.* v. *United States,* 804 F.2d 665 (Fed. Cir. 1986). For the purpose of this discussion the court will assume that Customs liquidations would be improper without a separate notice of extension of the time to liquidate.

The essential question is — did the improper liquidations occur as a result of a mistake in the construction of law or as a result of a mistake of fact. In the latter case the reliquidation mechanism of 19 U.S.C. § 1520(c)[3] would be available and the improper liquidations could be challenged under that provision. *See Hambro Automotive Corp.* v. *United States,* 66 CCPA 113, 603 F.2d 850 (1979).

The factual allegations in the affidavit of John C. Merillat of the Customs Service, which factual allegations are not challenged,[4] established that an error in the interpretation of law occurred. Prior to *Pagoda Trading* Customs assumed that a notice of "suspension" of liquidation based on operation of the unfair trade laws was sufficient to effect an "extension" of the time of liquidation, for purposes of seeking information.[5] The entries in this case occurred before the *Pagoda Trading* litigation was concluded.

Mr. Merillat's affidavit does not reflect that Customs overlooked a deemed liquidation under 19 U.S.C. § 1504. Rather, it reflects a legal position that liquidation is not deemed to occur when a suspension *notice* is outstanding, even if the suspension terminates. This is an error in the construction of law. Accordingly, the mechanism of 19 U.S.C. § 1520(c) was not available to plaintiff, and timely protests alleging improper liquidation should have been filed in order for the challenge to liquidation to be heard.

This action is dismissed.

---

[2] Liquidation of some of the entries involved here was protested on a basis other than improper reliquidation. The parties agree that those protests are irrelevant to this dispute.

[3] 19 U.S.C. § 1520(c) reads in relevant part as follows:

   *(c) Reliquidation of entry:*
   Notwithstanding a valid protest was not filed, the appropriate customs officer may, in accordance with regulations prescribed by the Secretary, reliquidate an entry to correct—
      (1) a clerical error, mistake of fact, or other inadvertence not amounting to an error in the construction of a law, adverse to the importer and manifest from the record or established by documentary evidence, in any entry, liquidation, or other customs transaction, when the error, mistake, or inadvertence is brought to the attention of the appropriate customs officer within one year after the date of liquidation or exaction; * * *

[4] The legal implications of the facts are challenged.

[5] The Government's position after *Pagoda Trading* on this issue is not altogether clear. There is no point in discussing here whether *Pagoda Trading* is in any way distinguishable on this point from the case at hand.