**DORNIER MEDICAL SYSTEMS, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 90–02–00094.**

United States Court of International Trade.

Oct. 4, 1990.

Ober, Kaler, Grimes .& Shriver, John F. Morkan, III, Baltimore, Md., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, New York City (James A. Curley), Washington, D.C., of counsel: Karen P. Binder, Office of Asst. Chief Counsel, International Trade Litigation, U.S. Customs Service, New York City, for defendant.

## MEMORANDUM OPINION

TSOUCALAS, Judge:

This case concerns an action by plaintiff, Dornier Medical Systems, Inc. ("Dornier"), to recover interest on a duty refund paid to them by the United States Customs Service ("Customs"). Defendant has filed a motion to dismiss the case pursuant to Rule 12(b) of the rules of this Court, contending the Court lacks jurisdiction over the subject matter because plaintiff failed to exhaust its administrative remedies. Plaintiff counters that it could not have protested Customs' failure to pay interest on the duty refund because the payment or nonpayment of interest is not a protestable issue.

## BACKGROUND

The merchandise in issue is known as a lithotripter, which is an apparatus that uses electrical charges to create shock waves that treat kidney stone disease by disintegrating kidney stones within a patient's body. Prior to entry of the goods, Customs classified the lithotripter as an electro-surgical apparatus, under item 709.-15, Tariff Schedules of the United States ("TSUS"), and required plaintiff to deposit estimated duty for all the entries. Plaintiff complied, but protested under 19 U.S.C. § 1514(a) (1988), seeking instead to have the lithotripter classified as "electro-medical apparatus, ... other" under item 709.-17, TSUS, which carries a lower rate of duty.

On January 21, 1988, after plaintiff's protests had been filed, Customs granted the protests and reliquidated the entries under item 709.17, TSUS, as requested by plaintiff. In accordance with the reliquidation, Customs refunded to plaintiff the difference between what Dornier initially paid in estimated duties under item 709.15, TSUS, and what Dornier ultimately was found to owe under item 709.17, TSUS. However, Customs did not pay interest on the excess duty. See 19 U.S.C. § 1520(d) (1988).[1]

Plaintiff then brought the present action to recover interest on the excess duty paid, invoking the Court's broad residual jurisdiction under 28 U.S.C. § 1581(i) (1988). Defendant claims that the Court's jurisdiction under § 1581(i) cannot be invoked because there was another remedy available to Dornier under § 1581(a) which was not manifestly inadequate.

---

**1.** The issue of whether Customs owes interest on the additional duty has not been settled and is currently before the Court in *Kalan, Inc. v. United States*, Court No. 88–08–00688.

## DISCUSSION

■ As a general rule, challenges to classification, valuation and entry of merchandise are reviewed by this Court pursuant to 28 U.S.C. § 1581(a) after administrative remedies have been exhausted. *United ed States v. Uniroyal, Inc.*, 69 CCPA 179, 184, 687 F.2d 467, 472 (1982). The Court may exercise its jurisdiction under 28 U.S.C. § 1581(i) only when "the case directly relates to the proper administration and enforcement of an international trade law" and no other basis for jurisdiction is available or the basis that is available will yield a remedy which is manifestly inadequate. *Norcal/Crosetti Foods, Inc. v. United States Customs Service*, 14 CIT ——, ——, 731 F.Supp. 510, 512 (1990); *National Corn Growers Ass'n v. Baker*, 840 F.2d 1547, 1555 (Fed.Cir.1988); *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed.Cir. 1987), *cert. denied*, 484 U.S. 1041, 108 S.Ct. 773, 98 L.Ed.2d 859 (1988); *Uniroyal*, 69 CCPA at 184, 687 F.2d at 472. It was not intended that subsection (i) "be used generally to bypass administrative review by meaningful protest." *Uniroyal*, 69 CCPA at 184, 687 F.2d at 472.

■ Defendant asserts that Dornier should have protested Customs' failure to pay interest by filing another protest under 19 U.S.C. § 1514(a)(5), which specifically provides for protests of reliquidations of entries. Then, if Customs had denied the protest, Dornier could have come before the Court pursuant to 28 U.S.C. § 1581(a). Since subsection (a) provides a remedy, defendant reasons, subsection (i) may not be invoked.

It is fundamental that a protest against a reliquidation must be limited to questions involved in the reliquidation. 19 U.S.C. § 1514(d) (1988); *Computime, Inc. v. Unit-*

*ed States*, 772 F.2d 874, 877 (Fed.Cir.1985); *Audiovox Corp. v. United States*, 8 CIT 233, 234, 598 F.Supp. 387, 389 (1984), *aff'd*, 764 F.2d 848 (Fed.Cir.1985). The Government states that its failure to pay interest was "part of the decision on reliquidation" and that plaintiff was obligated to protest the reliquidation if it was dissatisfied with any part of the reliquidation decision, including the decision not to pay interest. *Defendant's Reply Brief in Support of Its Motion to Dismiss for Lack of Jurisdiction* at 3. Defendant's approach misses the point. Barring a statement by Customs in the reliquidation decision that it did not intend to pay interest on the refund, the payment or nonpayment of interest by the Government was subsequent to, and not part of, the decision on reliquidation. Since the reliquidation decision did not involve Customs' decision not to pay interest, plaintiff could not have protested the reliquidation on that basis. Interest is a separate issue and in fact is separated statutorily from the reliquidation itself. *Cf.* 19 U.S.C. § 1514 and 19 U.S.C. § 1520(d).

Furthermore, 19 U.S.C. § 1514, which provides for protests of reliquidations, specifically excludes § 1520 from its purview. Section 1514(a) states that the reliquidation of an entry shall be final and conclusive unless a protest is filed, *except* as provided in, *inter alia*, § 1520. 19 U.S.C. § 1514(a) (1988).[2] Therefore, the provisions of § 1514 requiring a protest to be filed prior to bringing suit in this Court do not apply to disputes over the payment of interest pursuant to § 1520.

Section 1520 deals with refunds and errors, such as when Customs initially determines that an item was improperly classified requiring the importer to deposit excess estimated duties with the agency. 19 U.S.C. § 1520(a)(1) (1988). Once Customs

---

**2.** 19 U.S.C. § 1514(a) states:

Except as provided in subsection (b) of this section, section 1501 of this title (relating to voluntary reliquidations), section 1516 of this title (relating to petitions by domestic interested parties), *section 1520 of this title (relating to refunds and errors)*, and section 1521 of this title (relating to reliquidations on account of fraud), decisions of the appropriate customs officer, including the legality of all or-

ders and findings entering into the same, as to—

. . . .

(5) the liquidation or reliquidation of an entry, or any modification thereof;

. . . .

shall be final and conclusive upon all persons (including the United States and any officer thereof) unless a protest is filed in accordance with this section. . . . (Emphasis added.)

decides to reliquidate, § 1520(d) authorizes the payment of interest on the "amount paid as increased or additional duties." There is no provision in § 1520 for administrative protests of the nonpayment of refunds or interest, and because § 1520 is specifically excluded from the scope of 19 U.S.C. § 1514, an importer who seeks to challenge the nonpayment of interest cannot file a protest and has no recourse but to bring suit in this Court.

Since plaintiff could not protest the nonpayment of interest under 19 U.S.C. § 1514, it could not come before the Court under 28 U.S.C. § 1581(a).[3] Moreover, seeing that § 1520 provides no avenues of protest, there were no administrative remedies to exhaust and plaintiff's only recourse was to invoke the Court's residual jurisdiction under § 1581(i). That is precisely the type of situation for which subsection (i) was intended to provide.

Accordingly, the Court finds that jurisdiction was properly invoked by plaintiff under 28 U.S.C. § 1581(i) and defendant's motion to dismiss is denied.

---

**3.** Additionally, plaintiff could not come in under subsections (b)–(h) since none of those sub-sections is applicable to this matter.