**TAIL ACTIVE SPORTSWEAR, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 91–09–00662.**

United States Court of
International Trade.

June 26, 1992.

Peter S. Herrick, Miami, Fla., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen.; Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., Dept. of Justice, Washington, D.C., Nancy M. Frieden, New York City, for defendant.

## OPINION AND ORDER

NEWMAN, Senior Judge:

### INTRODUCTION

This action purports to place in issue the proper tariff classification and rate of duty under the Harmonized Tariff Schedules of

---

the United States ("HTSUS") for certain men's wearing apparel imported by plaintiff from Hong Kong and entered in September 1989 at the port of Miami, Florida. Plaintiff filed administrative protests with the District Director of Customs ("Customs") against the liquidation and reliquidation of the subject entry. The protest against the liquidation was approved by Customs regarding women's wearing apparel, but the second protest, grounded on Customs' failure to include the men's wearing apparel in the reliquidation, was denied. *See* 19 U.S.C. §§ 1514 and 1515.

In this suit, judicial review of the denial of plaintiff's protest against reliquidation is *de novo* (28 U.S.C. § 2640(a)(1)), and jurisdiction is predicated on 28 U.S.C. § 1581(a).

Defendant moves to dismiss the action pursuant to CIT Rule 12(b)(1) and (5) on the grounds that the merchandise which plaintiff seeks to place in issue in this case, certain men's wearing apparel, was neither the subject of the initial administrative protest against liquidation nor the challenged reliquidation. Hence, asserts defendant, the jurisdictional prerequisites are lacking for judicial review of the classification and rate of duty assessed on the men's wearing apparel. Alternatively, defendant insists that plaintiff's complaint fails to state a claim upon which relief can be granted.

Defendant's motion to dismiss is granted.

## THE FACTS

For purposes of the current proceeding, the court makes the following findings of fact based essentially on the official record, other documents submitted and undisputed facts.

On September 5, 1989 plaintiff imported through the port of Miami certain men's and women's wearing apparel under entry No. 5201–606–0011027–8 ("the entry"). The entry was liquidated on May 18, 1990. Plaintiff filed protest No. 5201–90–000237 ("the 237 protest") with Customs at the port of Miami on May 25, 1990. Customs insists that it received from plaintiff a one page protest contesting only the classification and rate of duty assessed on women's wearing apparel. That protest was ap-

proved by the District Director on February 28, 1991 and Customs reliquidated the entry on March 29, 1991, but the reliquidation concerned only the women's wearing apparel believed by Customs to be the only category of merchandise in the entry under protest.

On May 17, 1991, plaintiff filed a second protest, under No. 5201–91–100300 ("the 300 protest"), this time contesting the reliquidation of March 29, 1991 and asserting that Customs had overlooked reliquidation of the entry as to the men's clothing. In its second protest, plaintiff explained, so far as pertinent:

The importer filed a 2 page protest of the merchandise covered by this entry * * *. The first page protested the classification of the women's lined tracksuits. The second page also protested the women's lined tracksuits. This duplication was a mistake as to the second page which was to protest the classification of the men's lined tracksuits.

At no time prior to the 300 protest did plaintiff proffer to Customs an amendment of its 237 protest to include the men's wearing apparel to correct the mistake in the allegedly attached duplicative second page. *See* 19 U.S.C. § 1514(c)(1); 19 C.F.R. § 174.14; *Pagoda Trading Corp. v. United States,* 5 Fed.Cir. (T) 10, 804 F.2d 665 (1986). Nor was the alleged error in the second page brought to Customs' attention in any manner prior to the 300 protest against reliquidation.

On August 26, 1991 Customs denied the protest against the reliquidation on the ground that no "page 2" could be found in the file for the 237 protest. This action, commenced by summons filed on September 12, 1991, contests the denial of plaintiff's 300 protest against the reliquidation.

It further appears that on November 7, 1990 plaintiff filed protest No. 5201–90–000548 ("the 548 protest") at the port of Miami regarding an entry not involved in this case. In the 548 protest, indisputedly a two-page document, the first page referred to women's wearing apparel, and the second page referred to the men's wearing

apparel. Customs approved the 548 protest, but on June 14, 1991 Customs import specialist Roslyn Haynes, apparently by mistake, reliquidated the entry only as to the women's clothing, apparently overlooking men's clothing listed on the second page of the 548 protest. A second protest was then filed by plaintiff seeking reliquidation for the men's wearing apparel on the second page of the 548 protest. The District Director again reliquidated the entry on August 7, 1991, this time including the men's wearing apparel listed on the second page of the 548 protest.

There is no dispute that the 237 protest covered the women's wearing apparel, that the protest was sustained and that the entry was reliquidated as to the women's wearing apparel, but not men's wearing apparel. In opposition to defendant's motion, plaintiff offers to prove at an evidentiary hearing (and now seeks discovery) that the 237 protest was a two page document, that the second page was mistakenly duplicative of the first page covering only women's clothing, and that plaintiff intended on page 2 to cover the men's rather than the women's wearing apparel. Further, plaintiff posits that when Ms. Haynes reviewed the 237 protest in May 1990 she understood what category merchandise plaintiff *had intended to protest* in attaching page 2—apparently on the basis of the problems she later encountered with the 548 protest filed in November 1990.

Plaintiff concedes that the men's wearing apparel was not mentioned or listed anywhere in the 237 protest. Nonetheless, plaintiff urges that its two page 237 protest "contained enough information that Defendant knew Plaintiff's intent" to protest the assessment on the men's wearing apparel. According to plaintiff, when import specialist Haynes reviewed the 237 protest filed in May 1990 she understood from the later 548 protest filed on November 7, 1990 that plaintiff's 237 protest had a second page intended to protest the classification of the men's wearing apparel. Without producing an affidavit or any other evidentiary materials addressed to the issue, plaintiff baldly asserts that it has

raised an issue of material fact for a trial as to Ms. Haynes' knowledge and understanding of plaintiff's intent in the second page of the 237 protest and therefore defendant's motion must be denied.

Defendant contends that unlike the 548 protest covering both women's and men's wearing apparel, the 237 protest covered only the women's clothing and contained no second page; and that even if there were a duplicative second page covering women's wearing apparel, as claimed by plaintiff, the 237 protest still did not mention men's wearing apparel. Accordingly, defendant argues, Customs' reliquidation of the subject entry regarding only the women's clothing was correct and its denial of plaintiff's protest of May 17, 1991 against the reliquidation was proper.

The court agrees completely with defendant's position, and views plaintiff's assertions as frivolous.

## DISCUSSION

"It is fundamental that the existence of a jurisdictional predicate is a threshold inquiry in which plaintiff bears the burden of proof." *CR Industries v. United States*, 10 CIT 561, 562 (1986), citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Relying on 19 U.S.C. § 1514(c)(1), regulating the form and content of protests, defendant maintains, correctly, that a protest must set forth "distinctly and specifically each decision described in subsection (a)" (*i.e.*, the classification and rate of duty protested), and *"each category of merchandise affected by each such decision as to which the protest is made." Id.* (Emphasis added.) *See also* 19 C.F.R. § 174.13 (protest is required to contain "a specific description of the merchandise affected by the decision as to which protest is made"). Hence, defendant maintains that whether or not the protest included the alleged duplicative second page, the only classifications, rates of duty and categories of merchandise mentioned in the protest pertained solely to women's wearing apparel, and therefore the court

lacks jurisdiction over this action which pertains to men's wearing apparel.

Pursuant to 19 U.S.C. § 1514(c)(2) and 28 U.S.C. § 1581(a), in order for the court to acquire jurisdiction in this case, plaintiff had to file a protest challenging the classification of men's wearing apparel in compliance with the statute and regulations. *CR Industries*, 10 CIT at 563. Plaintiff does not, and fairly may not, dispute that its protest must comply with the requirements of 19 U.S.C. § 1514(c)(1) and the implementing regulations in identifying specifically the administrative decisions challenged and the category of merchandise in the entry under protest affected by such decisions. Rather, plaintiff contends that Customs' Ms. Haynes understood that plaintiff intended that the duplicative second page of the 237 protest was to cover the men's wearing apparel.

The crux of plaintiff's problem is that, even assuming *arguendo* that the alleged duplicative second page was attached, the 237 protest simply did not distinctly and specifically set forth *men's wearing apparel* as the category of merchandise as to which the classification, rate of duty and liquidation was protested. Thus, by the express terms of 19 U.S.C. § 1514, the liquidation became final and conclusive regarding the unprotested *men's wearing apparel,* and the finality of the liquidation as to that merchandise was not reopened by the reliquidation of the women's wearing apparel or the filing the second protest against the reliquidation. Plaintiff attempts to buttress its contention that the men's wearing apparel was covered by the second page of the 237 protest by citing the well-established and long line of judicial authority that technical precision in a protest is not required, and that a protest may be sufficient although cryptic, inartistic or poorly drawn in its communication of a protestant's claim. *See e.g., A. Giurlani & Bros., Inc. v. United States,* 9 CIT 60 (1985), and cases cited.

Reliance by plaintiff on *Giurlani* and cases cited is, under the circumstances presented, truly "grasping at straws." Plaintiff's problem here is not that protest 237 was imprecise, inartistic or inarticulate. On the contrary, even assuming that the duplicative second page was attached to the 237 protest, filed by plaintiff's experienced counsel and long-time practitioner before this court, the protest is quite precise, definitive and articulate, *but only in respect to challenging the administrative decisions affecting the women's wearing apparel* as the category of merchandise under protest. As aptly pointed out by the court in *CR Industries*, 10 CIT at 564, "[t]his court is unwilling to vitiate the protest requirements mandated by Congress * * * in the guise of endorsing a liberal construction of protests." *Id.* and cases cited.

Plaintiff seeks to embrace by its 237 protest the men's as well as women's wearing apparel on the theory that Customs understood plaintiff had made a mistake on the second page and plaintiff's intention to protest as to the men's wearing apparel—a disputed material issue of fact according to plaintiff. However, under the circumstances here, the issues raised as to Ms. Haynes' knowledge as to plaintiff's intent and as to whether a duplicative second page was attached to the 237 protest is immaterial. Hence, the sufficiency of the 237 protest to embrace men's wearing apparel may be disposed of summarily as essentially a question of law: whether the 237 protest can be said to fairly apprise Customs of an objection to the classification and rate of duty assessed on men's wearing apparel. The court concludes that it does not. There is no possible way to read the language of the alleged second page of the 237 protest as raising a claim pertaining to men's wearing apparel. Protest as to classification of the women's wearing apparel does not constitute protest as to the men's wearing apparel.

Concerning whether or not the 237 protest comports with the form and content requirements of § 1514(c)(1) and Customs regulations, the instant protest speaks for itself. Clearly, that protest fails to meet the requirements of the statute for inclusion of the men's wearing apparel in the protest, *even assuming that the second page was attached.* The reviewing import

specialist's understanding with regard to what merchandise plaintiff intended to be covered on the second page is wholly immaterial under the circumstances here, and cannot substitute for compliance with the statute and Customs regulations regarding the form and content of protests.

In sum, whether or not the duplicative second page was attached to the 237 protest, Customs acted properly in reliquidating the entry only as to women's wearing apparel—the only "category of merchandise" under protest. The reliquidation and subsequent 300 protest against reliquidation could not *expand* upon the scope of administrative decisions contested in the initial protest or embrace a different category of merchandise in the entry than that covered by the initial protest. Moreover, the second protest could address only questions arising out of the reliquidation of the entry as to the women's wearing apparel. *See* 19 U.S.C. § 1514(d); *Computime, Inc. v. United States,* 3 Fed.Cir. (T) 175, 772 F.2d 874 (1985); *Audiovox Corp. v. United States,* 8 CIT 233, 598 F.Supp. 387 (1984), *aff'd,* 3 Fed.Cir. (T) 168, 764 F.2d 848 (1985); *Dornier Medical System, Inc. v. United States,* —— CIT ——, 747 F.Supp. 753 (1990).

Finally, the court agrees with defendant, and plaintiff does not dispute, that neither the statutory provisions for assertion of a "new ground" in support of the civil action under 28 U.S.C. § 2638 or for amendment of the protest under 19 U.S.C. § 1514(c)(1) and 19 C.F.R. § 174.14 are of any avail to plaintiff. *See CR Industries,* 10 CIT at 564.

## CONCLUSION

For the above stated reasons, since plaintiff failed to properly raise the issue of the classification and rate of duty assessed on men's wearing apparel by protest, plaintiff is now precluded from raising the claim in this action. Accordingly, it is hereby ORDERED that defendant's motion to dismiss is granted, and a final judgment of dismissal is concurrently filed herewith.

## JUDGMENT

This case having been duly submitted for decision and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision,

IT IS HEREBY, ORDERED, ADJUDGED, and DECREED: This action is hereby dismissed.