**NUNN BUSH SHOE COMPANY and Weyco Group Inc., Plaintiffs,**

v.

**UNITED STATES, Defendant.**

**Court Nos. 88–11–00828, 88–11–00829.**

United States Court of
International Trade.

Feb. 5, 1992.

Hodes & Pilon, Michael G. Hodes and Zoya Khotimlyansky, Chicago, Ill., for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, James A. Curley, (Edward N. Maurer, Office of Asst. Chief Counsel, Intern. Trade Litigation, U.S. Customs Service, Washington, D.C., of counsel), for defendant.

## OPINION

TSOUCALAS, Judge:

Plaintiffs, Nunn Bush Shoe Company and Weyco Group Inc. (collectively "Nunn Bush"), move for summary judgment pursuant to Rule 56 of the rules of this Court. Plaintiffs maintain that they are so entitled because their entries were liquidated by operation of law at the duty rate asserted at the time of entry. Thus, plaintiffs contend that Customs' latter liquidation was unlawful and is consequently void.

Defendant, while opposing plaintiffs' motion, cross moves for summary judgment on grounds that Customs properly liquidated the entries at the rates established pursuant to the administrative review.

As there is no genuine issue as to any material fact, summary judgment is in order. *See Dan–Dee Imports, Inc. v. United States,* 7 CIT 241, 243, 1984 WL 3737 (1984). The Court must therefore determine whether, as a matter of law, either party has fully demonstrated its entitlement to such judgment. *See Phone–Mate, Inc. v. United States,* 12 CIT 575, 690 F.Supp. 1048 (1988). For the reasons set forth below, the Court finds that plaintiffs are entitled to judgment as a matter of law.

## BACKGROUND

This action, involving finished men's shoes imported from Spain, contests the denial of two protests, Nos. 3901–6–000680 and 3701–86–000048, filed by Nunn Bush and two protests, Nos. 3901–6–000679 and 3701–86–000047, filed by Weyco Group Inc.[1] The merchandise at issue was en-

---

**1.** This action was commenced by plaintiff in the name of "Weyenberg Shoe Manufacturing Co." Plaintiff subsequently changed its name to Wey- co Group Inc. Nunn Bush Shoe Company is the wholly-owned subsidiary of Weyco Group Inc.

tered at the ports of Milwaukee, Wisconsin and Chicago, Illinois, between September 30, 1980 and April 16, 1982. The merchandise was subject to countervailing duties resulting from a final affirmative determination issued by the defendant on September 12, 1974. *See Liquidation of Duties: Non-rubber Footwear From Spain*, 39 Fed.Reg. 32,904 (Sept. 12, 1974). At the time of entry, plaintiffs deposited estimated duties of 2.27% *ad valorem*. Liquidation of the entries was suspended pending the final results of an administrative review conducted in Countervailing Duty Investigation No. C469–022, for the period January 1, 1980 to December 31, 1982. The final results of the administrative review were issued on July 25, 1984, and the aggregate subsidy was determined to be 3.67% *ad valorem* for 1981, and 2.57% *ad valorem* for the period between January 1, 1982 to May 2, 1982. Subsequently, this court issued injunctions enjoining defendant from liquidating the entries filed during 1981 and 1982 in *Volume Footwear Retailers of America v. United States*, Court No. 84–8–01083 (injunction issued on August 10, 1984) and Court No. 83–10–01500 (issued on November 9, 1983). *See Volume Footwear Retailers of America v. United States*, 10 CIT 12, 1986 WL 30013 (1986). On February 5, 1985, Court Nos. 84–8–01083 and 83–10–01500 were consolidated. The injunctions were dissolved on May 15, 1985, at which time the entries were not yet four years old. *Id.* at 15. On December 16, 1985, the court again enjoined the defendant from liquidating plain-

tiffs' entries. That injunction was lifted on January 3, 1986. *Id.* at 12. Defendant subsequently liquidated the entries at issue on February 7, 1986, and on March 21, 1986, after many entries were over four years old.[2] At this time, countervailing duties equaling 3.67% *ad valorem* were issued for 1981 and 2.57% *ad valorem* for 1982. Moreover, the defendant assessed interest on these additional countervailing duties pursuant to 19 U.S.C. § 1677g (1988).

## DISCUSSION

I.  *The entries were liquidated by operation of law pursuant to 19 U.S.C. § 1504.*

Liquidation has been defined as "the final computation by the Customs Service of all duties (including any antidumping or countervailing duties) accruing on that entry." *American Permac, Inc. v. United States*, 10 CIT 535, 537, 642 F.Supp. 1187, 1190 (1986). Under 19 U.S.C. § 1504, Customs is bound by certain time limits during which liquidation must occur. *See* 19 U.S.C. § 1504 (1988).

Generally, an entry of merchandise not liquidated within one year[3] "shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted at the time of entry by the importer of record." 19 U.S.C. § 1504(a). Pursuant to § 1504(b), however, Customs may extend this period if:

---

**2.** Plaintiffs allege and defendant admits the following:

Of the eighteen entries pertaining to Protest No. 3901–6–000680, thirteen entries were filed prior to March 21, 1982, and became four years old before the March 21, 1986 liquidation by the defendant. Of the twenty-three entries pertaining to Protest No. 3701–86–000048, eighteen entries were filed prior to February 7, 1982 and became four years old prior to the February 7, 1986 liquidation by the defendant. *See* Collective Exhibit A, *Complaint and Answer*, ¶¶ 20–21.

Of the entries pertaining to Protest No. 3901–6–000679, three entries were filed prior to March 21, 1982, and became four years old before the March 21, 1986 liquidation by defendant. Furthermore, of the fifteen entries pertaining to Protest No. 3701–86–000047, fourteen entries were filed prior to February 7, 1982 and

became four years old before the February 7, 1986 liquidation by defendant. *See* Collective Exhibit B, *Complaint and Answer*, ¶¶ 20–21.

**3.** Section 1504(a) reads in part that an entry of merchandise not liquidated within one year from:

(1) the date of entry of such merchandise;

(2) the date of the final withdrawal of all such merchandise covered by a warehouse entry; or

(3) the date of withdrawal from warehouse of such merchandise for consumption where, pursuant to regulations issued under section 1505(a) of this title, duties may be deposited after the filing of an entry or withdrawal from warehouse;

. . . .

(1) information needed for the proper appraisement or classification of the merchandise is not available to the appropriate customs officer;

(2) liquidation is suspended as required by statute or court order; or

(3) the importer of record requests such extension and shows good cause therefor.

■ In any event, any entry which is not liquidated within four years is deemed liquidated by operation of law at the initially asserted amount, unless liquidation continues to be suspended as required by statute or court order. 19 U.S.C. § 1504(d). If so, "[w]hen such a suspension of liquidation is removed, the entry shall be liquidated within 90 days therefrom." *Id.*

Plaintiffs contend that many of the entries were deemed liquidated by operation of law when they became four years old since the injunctions were lifted prior to the fourth anniversary of their entry. Moreover, plaintiffs claim that since these entries were not subject to any statutory or court ordered suspension of liquidation when they turned four years old, they were deemed liquidated by operation of law at the initially asserted amount.

Defendant counters that the law as written is unfair since, in essence, a suspension could be lifted just a day or so prior to the expiration of the four years, and expecting Customs to liquidate that quickly would be unreasonable.

The defendant heavily relies on this court's decision in *Canadian Fur Trappers Corp. v. United States,* 12 CIT 612, 691 F.Supp. 364 (1988), *aff'd,* 884 F.2d 563 (Fed.Cir.1989). In *Canadian Fur Trappers,* this court likewise reviewed the liquidation of goods subject to an outstanding countervailing duty order. Since the suspension of the entries involved in that case was lifted after four years had expired, the issue was whether the Customs Service was required to liquidate the entries within 90 days pursuant to § 1504(d). As previously stated, when an extension[4] is lifted after four years have passed, then Commerce has 90 days during which they "shall" liquidate. *See* 19 U.S.C. § 1504(d). In *Canadian Fur Trappers,* the word "shall" was determined not to be mandatory, but rather discretionary. In fact, the legislative history explicitly states that "[t]his last provision is discretionary, rather than mandatory, and recognizes that there will be instances when it may be impossible to complete liquidation within 90 days because of the sheer number of entries to be liquidated after a long continued suspension." H.R.Rep. No. 95–621, 95th Cong., 1st Sess. 26 (1977).

This interpretation, however, applies only to entries that remain suspended beyond the four year statutory period. Nowhere in the legislative history is it stated that the provision, requiring an entry of merchandise to be liquidated within four years, is discretionary. Therefore, the *Canadian Fur Trappers* decision is binding on the issue at bar only with respect to the entries that remained suspended beyond the four years. Plaintiffs, however, do not question the liquidation of the entries which were suspended longer than four years. Plaintiffs contest only the entries in which a suspension or the like is lifted prior to four years and *Canadian Fur Trappers* is silent regarding these entries.

■ It is the obligation of this Court to interpret statutes. It is not the role of the Court to re-write the statutes as Congress hands them to us. It has been stated that "problems of statutory construction require the Court to first peruse the language employed by Congress in the statute and regard the intent of Congress as expressed in the plain meaning of the words." *See E.C. McAfee & Co. A/C Rolykit Div. of Hagenmeyer (Canada), Ltd. v. United States,* 12 CIT 648, 653, 1988 WL 76373 (1988). Furthermore, when a statute is "unambiguous, judicial inquiry is complete." *Rubin v. United States,* 449 U.S. 424, 430, 101 S.Ct. 698, 701, 66 L.Ed.2d 633 (1981). Section 1504 unambiguously states that if an entry is not liquidated within four years, then it will be deemed liquidated by operation of law unless the period

---

**4.** *See* 19 U.S.C. § 1504(b) (listing the three ways to extend the four-year period).

is extended as per 19 U.S.C. § 1504(b)(1)–(3). In this case, the period was not extended beyond four years. Therefore, the Court must uphold the plain meaning of the law and hold that the entries which turned four years old were liquidated by operation of law and any subsequent attempts by Commerce to liquidate these entries are invalid.

## II. *The issue of interest is moot.*

Plaintiffs also contest the calculation of interest on the additional countervailing duty deposits. Plaintiffs claim that the defendant improperly calculated the interest using compound interest. In fact, defendant concedes that they erroneously used compound interest. Nevertheless, since this Court holds that plaintiffs prevail on the first issue, the issue regarding interest is moot since additional duties are not assessable on the entries.

## CONCLUSION

Pursuant to 19 U.S.C. § 1504, the entries were deemed liquidated by operation of law when they became four years old since the liquidation was not suspended in any way. Thus, any subsequent liquidation by the defendant after four years is invalid. Therefore, the entries shall be liquidated at the rate asserted at the time of entry by the importer of record.

Accordingly, plaintiffs' motion for summary judgment is granted and defendant's cross-motion for summary judgment is denied.

## ORDER

Upon reading Plaintiffs' Consent Motion to Amend Judgment, upon other papers and proceedings had herein,

IT IS HEREBY ORDERED that Plaintiffs' Consent Motion to Amend Judgment is granted; it is further

ORDERED that the judgment entered by this Court on February 5, 1992 be amended to require the defendant to refund interest paid pursuant to 19 U.S.C. § 1677g, to the plaintiffs and that the Amended Judgment attached hereto be entered as the judgment of the Court in this case.

## AMENDED JUDGMENT

This case having been duly submitted for decision following plaintiffs' motion for summary judgment and defendant's cross-motion for summary judgment, the Court, after due deliberation, having rendered a decision herein; now then, in accordance with said decision,

IT IS HEREBY ORDERED that plaintiffs' motion for summary judgment is granted; and it is further

ORDERED that defendant's cross-motion for summary judgment is denied; and it is further

ORDERED that the entries identified on the attached schedule of entries have been liquidated as a matter of law four years after their initial entry at the duty rate asserted at the time of entry. Any excess duties paid shall be refunded with interest in accordance with law from the date of payment. Any interest on the excess duties paid pursuant to 19 U.S.C. § 1677g shall be refunded with interest pursuant to 28 U.S.C. § 2644 from the date of the summons.