EAGLE CEMENT CORP, PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 92–08–00552

(Decided June 23, 1993)

*Peter S. Herrick* for plaintiff.

*Stuart E. Schiffer,* Acting Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(James A. Curley),* for defendant.

OPINION

RESTANI, *Judge:* Plaintiff challenges the decision of the United States Customs Service ("Customs") to liquidate plaintiff's entries with countervailing duties and interest twenty-one months after termination of a

court-ordered suspension of liquidation, rather than with duties as determined at the time of entry. The issue before the court is whether entries, more than four years old when suspension of liquidation is terminated, are deemed liquidated as entered by operation of law pursuant to 19 U.S.C. § 1504(d)(1988). The dispute is before the court on cross-motions for summary judgment.

## FACTS

Eagle Cement Corporation ("Eagle") imported Portland hydraulic cement from Mexico between January 31, 1984 and January 10, 1985. Mexican Portland hydraulic cement was subject to a countervailing duty investigation, and the liquidation of Eagle's twenty-two entries was suspended by various court orders, pursuant to 19 U.S.C. § 1504(b).

On March 5, 1990, the United States Supreme Court denied a writ of certiorari with regard to an action involving the countervailing duty investigation, and on July 3, 1990, Customs issued instructions to liquidate entries of Portland hydraulic cement from Mexico. The plaintiff's entries were liquidated on December 13, 1991, more than twenty-one months after suspension of liquidation was removed, with an increase in duties over the original estimate of duties determined at the date of entry.

## DISCUSSION

Section 1504, Title 19, United States Code, provides that in certain circumstances, an entry will be "deemed liquidated" if Customs fails to liquidate within a prescribed time period.[1] Section 1504(d) governs unliquidated entries that are four years old. Such entries are deemed liquidated at the duty rate asserted at the time of entry. The exception to this rule is in the case of suspension of liquidation as required by statute or court order. Nonetheless, once the suspension is lifted, the statute declares that these entries "shall be" liquidated within 90 days. The question is whether the language in the last sentence of § 1504(d) is mandatory or directory.

---

[1] Section § 1504 provides in pertinent part:

(a) **Liquidation.**
Except as provided in subsection (b) of this section, an entry of merchandise not liquidated within one year from:
    (1) the date of entry of such merchandise * * *

   *       *       *       *       *       *       *

shall be deemed liquidated at the rate of duty, value, quantity, and amount of duties asserted at the time of entry * * *.

(b) **Extension.**
The Secretary may extend the period in which to liquidate an entry * * * if—

   *       *       *       *       *       *       *

    (2) liquidation is suspended as required by statute or court order * * *
   *       *       *       *       *       *       *

(d) **Limitation.**
Any entry of merchandise not liquidated at the expiration of four years from the applicable date specified in subsection (a) of this section, shall be deemed liquidated at the rate of duty, value, quantity, and amount of duty asserted at the time of entry * * * unless liquidation continues to be suspended as required by statute or court order. When such a suspension of liquidation is removed, the entry shall be liquidated within 90 days therefrom.

19 U.S.C. § 1504 (1988).

The entries in the present case, made between January 1984 and January 1985, were more than four years old when the order suspending liquidation was terminated on March 5, 1990. Thus, they fell within the exception provided by § 1504(d). Plaintiff argues that the entries should have been deemed liquidated with duties as determined at the time of entry because liquidation did not take place within the 90 day period following removal of suspension.

*Canadian Fur Trappers Corp. v. United States,* 884 F. 2d 563 (Fed. Cir. 1989), *aff'g* 12 CIT 612, 691 F. Supp. 364 (1988), is dispositive. In that case, the Federal Circuit held that the lack of consequential language in the final sentence of § 1504(d) clearly indicated that the 90 day time period was directory, not mandatory.[2] 884 F. 2d at 566.

The court observed that statutory time restraints, which do not impose punitive consequences for failure to comply, are not mandatory. *Id.* Other courts have reached the same result. *See Meliezer v. Resolution Trust Co.,* 952 F.2d 879, 883 (5th Cir. 1992) (time period in savings and loan statute not mandatory unless it expressly requires act and imposes consequence for failure to comply); *Philipp Bros. Inc. v. United States,* 10 CIT 76, 82–83, 630 F. Supp. 1317, 1323–24 (1986) (statute requiring International Trade Administration to perform annual review not mandatory because no penalty for delay imposed); *Diamond Match Co. v. United States,* 44 Cust. Ct. 67, 74–75, C.D. 2154, 181 F. Supp. 952, 958–59 (1960), *aff'd,* 49 CCPA 52, 56–57, C.R.D. 796 (1962) (statute fixing time for Customs to give notice of filing of protest is directory because no consequences for delayed action imposed). In addition, this court has held that against the government, the word "shall" is to be construed as "may," unless a contrary intention is clear. *Barnhart v. United States,* 5 CIT 201, 203, 563 F. Supp. 1387, 1389 (1983) (citing *Railroad Co. v. Hecht,* 95 U.S. 168, 170 (1877)).

The Federal Circuit's decision in *Canadian Fur Trappers* was also based on legislative history. The court found that with the enactment of the Customs Reform Act of 1978, Congress intentionally omitted a penalty for entries not actually liquidated within the 90 day period set out in § 1504(d). 884 F. 2d at 566. The committee report, referring to § 1504(d) confirms, "[t]his last provision is discretionary, rather than mandatory, and recognizes that there will be instances when it may be impossible to complete liquidation within 90 days because of the sheer number of entries to be liquidated after a long-continued suspension." *Id.* (citing H. R. Rep. No. 621, 95th Cong., 1st Sess. 26 (1977)). Congress, although seeking to prevent undue delay, also intended to grant Customs discretion as to when to liquidate in cases subject to legislative or court-ordered suspensions and pending longer than four years.

---

[2] *Nunn Bush Shoe Co. v. United States,* 16 CIT 45, 784 F. Supp. 892 (1992) is inapposite. In *Nunn Bush,* the court held entries that became four years old after a suspension was lifted were "deemed liquidated" by operation of law under the clear language of the statute. *Id.* at 48–49, 784 F. Supp. at 895. The entries in *Nunn Bush* did not fall under the exception provided by § 1504(d) because they were less than four years old when suspension was removed.

The plaintiff also urges the court to read §§ 1504(a) and (d) *in para materia,* and apply the one year limitation for nonsuspended entries prescribed by § 1504(a) to court-ordered and legislative suspensions under § 1504(d). Under this interpretation, entries not liquidated within one year after termination of an order of suspension would be deemed liquidated at the duty asserted at the time of entry. The one year time limit in § 1504(a) does not apply to § 1504(d) as, by the plain language of § 1504(a), court-ordered or legislative suspensions are excluded from its mandate.

While the 90 day period of § 1504(d) is directory rather than mandatory, failure to liquidate entries promptly after termination of suspension is not insulated from all review. *Cf. St. Paul Fire & Marine Ins. Co. v. United States,* 16 CIT 663, 799 F. Supp. 120, 124 (1992) (holding that the extension period under § 1504(b)(1) in which to liquidate an entry must be reasonable under the circumstances); *International Cargo & Sur. Ins. Co. v. United States,* 15 CIT 541, 779 F. Supp. 174, 179 (1991) (finding that statutorily permitted extensions under § 1504(b)(1) may be granted only for a reasonable period of time relative to the situation). Congress intended that Customs act responsibly to liquidate entries promptly after a lengthy suspension has terminated. In this case, liquidation is now complete and Customs has provided an explanation as to its difficulties in completing the liquidations. Furthermore, plaintiff has not made out a case of unusual prejudice caused by the delay. Accordingly, the court does not find that Customs' actions in this case rise to the level of abuse of discretion, and no remedy for the delay in liquidation is appropriate.[3]

---

[3] The court does not address the issue of what, if any, remedy might be appropriate.