**Slip Op. 05-160**

## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |  |
|---|---|---|
| **UNITED STATES,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Court No. 02-00646** |
| | : | **Before: Judge Judith M. Barzilay** |
| **OPTREX AMERICA, INC.,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## MEMORANDUM OPINION AND ORDER

[Plaintiff's motion requesting leave to amend its complaint to add new counts is denied.]

Dated: December 15, 2005

*Peter D. Keisler*, Assistant Attorney General; *David M. Cohen*, Director, (*Patricia M. McCarthy*), Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice (*Stephen C. Tosini*); *Frederick B. Smith*, Assistant Chief Counsel, Bureau of Customs and Border Protection, of counsel, for the plaintiff.

*Sonnenberg & Anderson* (*Steven P. Sonnenberg* and *Michael Jason Cunningham*) for the defendant.

Barzilay, Judge:    In this 19 U.S.C. § 1592 penalty action, Plaintiff, the United States Bureau of Customs and Border Protection ("Customs" or "government"), moved for leave to amend its complaint pursuant to USCIT Rule 15(a).  Plaintiff seeks to add two additional claims against Defendant, Optrex America, Inc. ("Optrex").  Specifically, the government wants to charge Optrex with higher levels of culpability than initially claimed – gross negligence and fraud.  In

connection with these new claims, the government also seeks to add new entries. For the reasons

outlined below, the court DENIES Plaintiff's motion.

## BACKGROUND

Customs initiated its penalty proceedings against Optrex in May 2002, issuing a pre-

penalty notice pursuant to 19 U.S.C. § 1592(b)(A), which alleged that Optrex's negligence

resulted in a violation. The pre-penalty notice charged Optrex with providing insufficient

information in the entry documents to enable Customs to determine the correct classification of

its imported liquid crystal display ("LCD") products. In response to the pre-penalty notice,

Optrex claimed that it had exercised reasonable care by consulting its counsel, its broker, and

Customs about the correct classification. *Ex. H10* at 5-9, 12. Optrex furnished Customs with a

"decision tree," a classification scheme that reflected the company's classification policies. *Ex.

H10* at 7. Customs rejected Optrex's reasonable care defense on the basis "that reliance on a

broker or exporter alone may not be sufficient to show that an importer exercised reasonable

care." *Ex. H12* at 5 (citing *United States v. Golden Ship*, 25 CIT 40 (2001)). Customs noted that

it did not have "persuasive evidence that during the subject time period the petitioner sought or

received expert advice from any of the outside sources it identified." *Ex. H12* at 6. Customs was

also "unaware of any persuasive evidence establishing what specific advice these sources

allegedly provided the petitioner." *Ex. H12* at 6-7. It concluded that the alleged misclassification

amounted to more than a professional disagreement given the "[n]umerous customs rulings,

courts decisions, and informed compliance publications issued regarding the classification of

LCDs." *Ex. H12* at 6. It also believed that Optrex developed the decision tree after filing the

entries and only for the purpose of satisfying Customs, since "the petitioner has not produced any evidence that the decision tree method was ever used by anyone at Optrex to determine a classification." *Ex. H12* at 6-7. The final penalty claim against Optrex was based on negligence.

The government initiated this action in October 2002, claiming that between October 12, 1997, and June 29, 1999, Optrex introduced into the commerce of the United States certain LCD products by means of negligent material false statements in violation of 19 U.S.C. § 1592. Plaintiff's original complaint was premised on the theory of negligent misclassification of the LCD products under HTSUS heading 8513, instead of HTSUS heading 9013, in violation of the Federal Circuit's decision in *Sharp Microelecs. Tech., Inc. v. United States*, 122 F.3d 1446 (Fed. Cir. 1997). *See Compl.* ¶¶ 10-12.

In this motion, Plaintiff avers that it unearthed evidence establishing a basis for fraud and gross negligence claims under section 1592 following this court's order compelling Optrex to reveal certain of its attorney-client communications. *See United States v. Optrex*, Slip Op. 04-79 (CIT July 1, 2004) ("July 2004 order"); *Pl.'s Mot. Requesting Leave Amend Compl.* at 3. Based on the discovery of this new evidence, the government now seeks leave to amend its complaint to plead penalties for fraud and gross negligence and to reach back to capture entries made by Optrex starting in January 1997. The government argues that prior to this discovery, it attempted to obtain information concerning the substance of the legal advice that Optrex received from its

counsel in order to evaluate Optrex's reasonable care defense.[1] Optrex apparently withheld such information until the court's July 2004 order.

At an evidentiary hearing held on February 17, 2005, the government proffered three letters from Optrex's counsel to Optrex containing legal advice on the LCD products classification and the deposition of a former Optrex employee stating that Optrex consistently chose to classify its products under lower tariffs. *See Ex. H1*, *Ex. H2*, *Ex. H3*. The government avers that this evidence forms a basis for its belief that 1) Optrex disregarded its counsel's advice, 2) Optrex had knowingly misclassified the subject entries of LCD products and kept a separate account upon its books and records based on the amount of duties that it should have paid, 3) the "decision tree" was created as a cover up. The government claims that Customs did not have sufficient basis to pursue the claims of gross negligence and fraud during the administrative proceedings because this information was not discoverable in the administrative proceedings, and, therefore, it should be allowed to add two additional counts for gross negligence and fraud against Optrex.

---

[1] For its reasonable care defense, Optrex claimed that it consulted with an attorney having expertise about the subject merchandise. The legislative history to the North American Free Trade Agreement Implementation Act, Pub. L. No. 103-182, 107 Stat. 2057 (1993), noted that in seeking advice for a classification issue, an importer is expected to consult with an attorney having technical expertise, provide the expert with full and complete information sufficient for the expert to make entry or to provide advice as to how to make entry. H. Rep. No. 103-361(I) at 120 (1993), *as reprinted in* 1993 U.S.C.C.A.N. 2552, 2670. The Ways and Means Committee noted that "an honest, good faith professional disagreement as to correct classification of a technical matter shall not be lack of reasonable care unless such disagreement has no reasonable basis." *Id.*

## DISCUSSION

USCIT Rule 15(a) provides that the court should grant a party's motion for leave to amend its complaint "freely . . . when justice so requires." USCIT R. 15(a). The court decides such motions on a case-by-case basis, considering a variety of factors, including "(1) the timeliness of the motion to amend the pleadings; (2) the potential prejudice to the opposing party; (3) whether additional discovery will be necessary; [and] (4) the procedural posture of the litigation." *Budd Co. v. Travelers Indem. Co.*, 109 F.R.D. 561, 563 (E.D. Mich. 1986) (citation omitted). In this case, Plaintiff is seeking to amend its complaint to add two additional claims against Defendant, maintaining that it did not have a basis to pursue higher levels of culpability at the administrative level. In this case, the threshold issue turns on whether the Department of Justice can bring a "civil penalty" action pursuant to 19 U.S.C. § 1592(e) to recover a penalty claim for a type of violation – namely, gross negligence or fraud – not made before the agency. *See* 19 U.S.C. § 1592 (2004). Because section 1592 provides for specific administrative proceedings prior to the commencement of a recovery action before the court, this inquiry directly concerns the court's exercise of jurisdiction over penalty claims that were not pursued at the administrative level. The court has "exclusive jurisdiction of any civil action which arises out of an import transaction and which is commenced by the United States . . . to recover a civil penalty under [19 U.S.C. § 1592]." 28 U.S.C. § 1582. In a section 1592 action, the court must, "where appropriate, require the exhaustion of administrative remedies." 28 U.S.C. § 2637.

The government claims that section 1592 does not prevent it from bringing claims before this Court for increased culpability levels because the relevant provisions of the law provide for a

*de novo* standard of review in penalty actions.[2]  "[S]o long as the United States *commences* a section 1592 action, there is no limitation upon the "issues" addressed or the "amount of the penalty." *Pl. Br.* 11-12 (emphasis in original).  Plaintiff thus maintains that the level of culpability is one of the issues that this Court decides independent of the administrative proceedings underlying each penalty action.  The court, however, disagrees with the government's reading of section 1592 with respect to its definition of a "penalty claim."

**1.  Section 1592**

Section 1592 delineates the administrative procedural requirements for Customs' penalty proceedings.  *See* 19 U.S.C. § 1592(b) (2004).  When it has "reasonable cause to believe that there has been a violation," Customs has to first issue a pre-penalty notice "of its intention to issue a claim for a monetary penalty." *Id.*  The pre-penalty notice must:

(i) describe the merchandise;
(ii) set forth the details of the entry or introduction, the attempted entry or introduction, or the aiding or procuring of the entry or introduction;
(iii) *specify all laws* and regulations allegedly violated;

---

[2] 19 U.S.C. § 1592(e) states:
Notwithstanding any other provision of law, in any proceeding commenced by the United States in the Court of International Trade for the recovery of any monetary penalty claimed under this section--
(1) all issues, including the amount of the penalty, shall be tried de novo;
(2) if the monetary penalty is based on fraud, the United States shall have the burden of proof to establish the alleged violation by clear and convincing evidence;
(3) if the monetary penalty is based on gross negligence, the United States shall have the burden of proof to establish all the elements of the alleged violation; and
(4) if the monetary penalty is based on negligence, the United States shall have the burden of proof to establish the act or omission constituting the violation, and the alleged violator shall have the burden of proof that the act or omission did not occur as a result of negligence.

(iv) disclose all the material facts which establish the alleged violation;
(v) state *whether the alleged violation occurred as a result of fraud, gross negligence, or negligence*;
(vi) state the estimated loss of lawful duties, taxes, and fees if any, and, taking into account all circumstances, the amount of the proposed monetary penalty; and
(vii) inform such person that he shall have a reasonable opportunity to make representations, both oral and written, as to why a claim for a monetary penalty should not be issued in the amount stated.

§ 1592(b)(1)(A) (emphasis added). "After considering representations, if any" made by the importer, upon Customs' determination that a violation has occurred, Customs has to issue a "penalty claim," which "specif[ies] all changes in the information provided under clauses (i) through (vi) of paragraph (1)(A)." § 1592(b)(2)

Following the mandatory issuance of a "written penalty claim," the importer is afforded an opportunity to "make representations . . . seeking remission or mitigation of the monetary penalty" under 19 U.S.C. § 1618. *Id.* Finally, Customs provides the importer with a written statement "which sets forth the final determination and the findings of fact and conclusions of law on which such determination is based." 19 U.S.C. § 1592. If the liable importer fails to petition for relief or to pay the penalty, Customs can then refer the case to the Department of Justice. *See* 19 C.F.R. § 162.32.

The language of section 1592 evidences that the level of culpability forms the core around which the government must construct each penalty claim it wishes to bring: Each level of culpability generates a new separate claim. Subsection 1592(b) makes the level of culpability an essential element of the "violation" for which a "penalty" is claimed. *See* § 1592(b)(1)(A)(v). Subsection 1592(c) sets out the maximum monetary penalty for each type of violation – negligence, gross negligence, and fraud – treating each as a different "civil penalty." *See*

19 U.S.C. § 1592(c). In addition, reading section 1592(e) *in pari materia*[3] with section 1592(b), the language "any monetary penalty claimed" before this Court refers back to the "written penalty claim" issued in the administrative proceedings, suggesting that it is the same claim. The term "recovery" underscores that a 1592 action before this Court is an enforcement suit allowing the government to recover on a claim that it perfected in the administrative proceedings.[4] *See* 19 U.S.C. § 1592.

The government argues that the "notwithstanding any other provision of law" clause combined with the *de novo* review provision enforces its argument that "as long as the United States *commences* a section 1592 action, there is no limitation upon the 'issues' addressed or the 'amount of the penalty.'" *Pl. Br.* 11-12. The "notwithstanding any other provision of law" clause

---

[3]*Cf. Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995) (explaining application of this rule of construction in interpreting two subsections of statute). "This [*in pari materia*] principle of statutory construction provides that legislative intent 'is to be deduced from the whole statute and every material part of the same.'" *Dal-Tile Corp. v. United States*, 17 C.I.T. 764, 768, 829 F. Supp. 394, 397 (1993) (citations omitted).

[4] Such interpretation views section 1592(e) as creating a cause of action for the United States to enforce a penalty claim before this Court. Customs' own regulations do not shed light on how to interpret the statute, but refer to the proceedings before this Court as "civil enforcement" of section 1592 claims:

> A monetary penalty incurred under section 592 . . . may be remitted or mitigated under section [19 U.S.C. § 1618] . . ., if it is determined that there are mitigating circumstances to justify remission or mitigation. . . . The guidelines below will be used by the Customs Service in arriving at a just and reasonable assessment and disposition of liabilities arising under section 592 within the stated limitations. . . . The assessed penalty or penalty amount set forth in Customs administrative disposition determined in accordance with these guidelines does not limit the penalty amount *which the Government may seek in bringing a civil enforcement* action pursuant to section 592(e).

19 C.F.R. Pt. 171, App. B (emphasis added).

generally "connotes a legislative intent to displace any other provision of law that is contrary to the [statute]." *Shoshone Indian Tribe of Wind River Reservation v. United States*, 364 F.3d 1339, 1346 (2004). The "notwithstanding any other provision of law" clause in section 1592 modifies each of the four subparagraphs that follow the clause: subparagraph (1) addresses *de novo* review; subparagraphs (2) to (4) address the burden of proof for each type of violation. For example, the modification of the *de novo* standard of review by the "notwithstanding" clause emphasizes lack of deference to Customs' final determination, including its findings of fact under section 1592(b)(2).[5] The court's power to review penalty claims *de novo* under 19 U.S.C. § 1592(e) ensures that the defendant receives a hearing without any deference to the agency's findings, placing the burden of proof on the government. However, the *de novo* standard refers to the issues in the context of a specific claim based on one of three types of section 1592 violations and does not allow the court to review entirely new penalty claims.

Finally, a meaningful interpretation of a statute must take into account the statute's basic purpose. *See Dole Food Co. v. Patrickson*, 538 U.S. 468, 484 (2003). The statute was designed to give an importer an opportunity to fully resolve a penalty proceeding before Customs, before any action in this Court:

---

[5] Section 1592(b)(2) provides for a mitigation procedure following the agency's written penalty claim and then final determination:

> The written penalty claim shall specify all changes in the information provided under clauses (i) through (vi) of paragraph (1)(A). Such person shall have a reasonable opportunity under section 1618 of this title to make representations, both oral and written, seeking remission or mitigation of the monetary penalty. At the conclusion of any proceeding under such section 1618, the Customs Service shall provide to the person concerned a written statement which sets forth the final determination and the findings of fact and conclusions of law on which such determination is based.

19 U.S.C. § 1592(b)(2).

> If the customs officer issues a penalty claim and the importer petitions for mitigation under [19 U.S.C. § 1618], then the importer would have the opportunity to make written and oral representations to the service. Notice of the final decision in a mitigation proceeding, including findings of fact and conclusions of law, would be required to be sent to the importer. This provision would enact into law existing practice with several changes: (1) the importer would have the right to make representations in a mitigation proceeding before any decision on mitigation is made, and (2) the service would be required to supply the importer with a detailed explanation of the factual and legal basis for its mitigation decision.
>
> If an importer refuses to pay a section 592 monetary penalty and is sued by the United States in a district court[6], all issues, including the appropriateness of the penalty amount, would be considered by the court.

S. Rep. 95-778, at 19-20 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 2211, 2230-31. Thus, the legislative history supports the analysis that the administrative penalty claim underlies the suit brought by the United States under section 1592(e).

### 2. Exhaustion of Administrative Remedies

The government alternatively argues that the Court should waive the exhaustion of administrative remedies in this case and allow it to add its claims of gross negligence and fraud. At the hearing, by way of testimonial and documentary evidence, and through its submission of supplemental documents, the government demonstrated that Customs did not have sufficient bases to pursue fraud on the administrative level because it could not have discovered relevant evidence prior to the court's July 2004 order. After careful examination of the law, however, the court declines to waive the exhaustion of administrative remedies because the remedies involved

---

[6] The Customs Courts Act of 1980 substituted the text "proceedings commenced by the United States in the Court of International Trade" for "proceedings in a United States district court commenced by the United States pursuant to section 1604 of this title" in section 1952(e). *See* Pub. L. 96-417

in this case are mandated by the statute.

The relevant statute provides that "[i]n any civil action not specified in this section, the Court of International Trade shall, where appropriate, require the exhaustion of administrative remedies." 28 U.S.C. § 2637. The government argues that by excluding section 1592 actions from the mandatory exhaustion requirement, Congress intended that the Court not be constrained by the penalty notice issued by Customs. Indeed, in some penalty actions, where "sufficient compliance with the statutory procedures was found," the courts have waived certain aspects of administrative procedures under section 1592(b). *United States v. Aegis Sec. Ins. Co.*, Slip Op. 05-278, at 3, 2005 WL 2740876 (CIT Oct. 24, 2005) (denying defendant's motion to dismiss duty collection suit despite pending administrative proceedings with respect to penalty claims, finding that collection of duties may proceed whether or not penalties are assessed). Importantly, with one exception, the exhaustion of administrative remedies has been waived regarding procedural requirements under Customs' regulations, not the statutory requirements of section 1592. *See, e.g.*, *United States v. Maxi Switch, Inc.*, 22 CIT 778, 785, 18 F. Supp. 2d 1040 (1998) (finding that Customs' premature referral of case to Department of Justice was harmless because of importer's untimely filing of its supplemental petition); *United States v. Obron Atl. Corp.*, 18 CIT 771, 775-76, 862 F. Supp. 378, 382 (CIT 1994) (finding jurisdiction where Customs improperly imposed seven-day response period because defendant was not deprived of opportunity to be heard as it submitted materials and made oral representations following both pre-penalty and penalty notices); *United States v. Modes, Inc.*, 13 CIT 780, 785, 723 F. Supp. 811, 815 (1989) (finding jurisdiction where Customs did not respond to supplemental petition

because defendant was not deprived of opportunity to be heard as it made oral presentation and was provided with written determination stating findings of fact and conclusions of law supporting decision to mitigate).

In one case, the Federal Circuit waived a statutorily prescribed administrative requirement. *See United States v. Priority Prods., Inc.*, 793 F.2d 296, 299 (Fed. Cir. 1986). In *Priority Products*, the Federal Circuit found that, although the penalty claim in that case was originally assessed against the company and not its shareholders personally, the shareholders were on notice of the penalty assessed against their company and could be directly sued in the penalty action. *Id.* The Federal Circuit concluded that "nothing in [§ 1592] or its legislative history demonstrate [sic] that Congress intended to narrowly circumscribe the subject matter jurisdiction of [this Court] to encompass only those suits brought by the Government against parties expressly named in the administrative proceedings." *Id.* Specifically, the Court of Appeals stated that "so long as some 'civil penalty exists' the Court of International Trade can assume jurisdiction over any complaint to recover that penalty, and the issue of who is ultimately responsible for payment of the penalty is subject to *de novo* consideration." *Id.* This case is distinguishable, however, because the Federal Circuit considered how Customs could "preserve its right to sue all possible parties" when pursuing a penalty action against a corporation. *Id*. at 300.

In the pending case, the court declines the government's invitation to waive statutorily prescribed administrative procedures because no precedent supports waiving all statutory requirements for a particular claim. Such a waiver would require the court to consider a claim

that did not go through administrative proceedings, vitiating the entire statutory framework.[7]

Additionally, bringing a new gross negligence or fraud claim would require more than just an

exhaustion of administrative remedies; it would result in denial of the protections afforded by the

statute of limitations.

## 3.     Statute of Limitations

The government suggests that due to Defendant's concealment of information on the

administrative level, it was unable to obtain information to pursue a gross negligence claim.  At

the evidentiary hearing, Customs demonstrated that it could not have discovered evidence of

gross negligence during the five-year window.  However, this argument is not relevant in this

case because Congress specifically established a statute of limitations of five years from the date

of entry of subject merchandise for negligence and gross negligence claims.  *See* 19 U.S.C. §

1621(1).  The statute of limitations is designed to ensure that penalty proceedings are conducted

with reasonable dispatch and that penalty claims have finality after a certain date.  This five-year

---

[7] In connection with its fraud claim, the government's proposed amended complaint also seeks to add new entries of subject merchandise that were made in the first half of 1997.  These new entries were not part of the pre-penalty or penalty notices.  As the court finds that section 1592 does not permit the government to add different levels of culpability not pursued on the administrative level, addition of new entries in connection with the government's fraud claim is not an issue in this case.  However, as with the level of culpability, the identity of each entry is a central element of any penalty claim.  *See* 19 U.S.C. § 1592(b) (requiring that Customs "set forth the details of the entry or introduction" of subject merchandise in pre-penalty notice).  The government cannot bypass this unambiguous statutory provision as it ensures that an importer is on notice of which entries it is responsible for in a section 1592 penalty enforcement action.  *Cf. United States v. Rotek, Inc.*, 22 C.I.T. 503, 508, 509-10 (1998) (not reported in F. Supp.) (retaining jurisdiction where importer claimed "shifting, inconsistent claims" in pre-penalty notice, penalty notice, and mitigation decision, noting that items included in complaint were "the exact items described in the penalty notice and the mitigation decision").

statute of limitations for bringing a penalty action enables the government to complete full administrative proceedings: conduct investigation, issue a pre-penalty notice, a notice of penalty claims, and 19 U.S.C. § 1618 mitigation procedures. In this case, the importer refused to waive the relevant statute of limitations of five years from the date of entry for negligence and gross negligence claims in response to Customs' request, and Customs was on notice that it would not be able to pursue gross negligence after five years for all entries it investigated.

Congress specifically has addressed cases where importers act in bad faith and conceal information that is later discovered by providing that the statute of limitations for fraud claims begins to run from the date of discovery of fraud. *See* 19 U.S.C. § 1621(2). *Cf. US JVC Corp. v. United States*, 22 CIT 687, 691, 15 F. Supp. 2d 906, 911 (1998) ("The doctrine of equitable tolling permits a plaintiff to avoid the bar of a statute of limitations, if 'despite all due diligence, [the plaintiff] is unable to obtain essential information concerning the existence of [his] claim.'" (quoting *Weddel v. Sec'y of Health and Human Servs.*, 100 F.3d 929, 931 (Fed. Cir. 1996)). Thus, even if the government proves that it did not have access to certain information that led to its discovery of a basis to pursue gross negligence until five years from the date of the last entry at issue in this case, waiving the statute of limitations for gross negligence is not appropriate where allegedly fraudulent concealment is involved and pursuing a fraud claim remains an option. The discovery of fraud rule ensures that the government will not lose out on revenue when fraud is involved. In this case, the government would have five years from the date it discovered the alleged fraud to sue Optrex on that claim. However, prior to that it must perfect its fraud claim by conducting the statutorily required procedures.

**CONCLUSION**

Section 1592 provides for a mandatory issuance of a "written penalty claim," which underlies a recovery action before this Court. The level of culpability is an inextricable part of a particular penalty claim issued pursuant to section 1592(b)(2), and allowing the government to amend its complaint to include penalty claims that have not been perfected through the administrative process would be contrary to the statutory scheme and the statute of limitations. Furthermore, despite the timing of the discovery of new evidence, this case does not merit a waiver of administrative remedies. Therefore, it is hereby

ORDERED that Plaintiff's motion for leave to amend its complaint to add the culpability levels of fraud and gross negligence and new entries is DENIED.

December 15, 2005                                                         /s/ Judith M. Barzilay

_____                          _____

   New York, NY                                                         Judith M. Barzilay, Judge